UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK G. HARDY,                                          :
                                                        :
                         Plaintiff,        :    10 Civ. 4178 (RMB) (GWG)
        -against-                                      :
                                                        :    **DECISION & ORDER**
NATIONAL ASSOCIATION OF INSURANCE                       :
COMMISSIONERS, et al.,                                  :
                                                        :
                         Defendants.       :
------------------------------------------------------------------X

**I.    Background**

On or about December 6, 2010, Mark G. Hardy ("Hardy" or "Plaintiff"), proceeding pro se, filed an Amended Complaint pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, against the National Association of Insurance Commissioners ("NAIC") and the National Conference of Insurance Guaranty Funds, Inc. ("NCIGF") (collectively, "Defendants"), alleging, among other things, that Defendants engaged in a "decade long pattern of [r]acketeering activities and conspiracies with others to defraud . . . all US insurance consumers." (See Am. Compl., dated Dec. 3, 2010, ¶ 1.)

On January 11, 2011, Defendants filed a motion to dismiss the Amended Complaint, arguing, among other things, that Plaintiff lacks standing to assert RICO claims in that the claims "are predicated on injury to third parties" and Plaintiff "has failed to sufficiently plead any personal, direct injury as a result of the alleged RICO . . . violations." (Defs. Mem. of Law in Supp. of Mot. to Dismiss the Am. Compl., dated Jan. 7, 2011 ("Defs. Mem."), at 19−20.) Defendants also argue that "[Plaintiff] has failed to plead the requisite elements of his RICO claims," and that any such claims are barred by the statute of limitations and collateral estoppel. (Defs. Mem. at 18, 20, 31.)

On February 10, 2011, Plaintiff filed an opposition essentially reasserting the claims in the Amended Complaint.  (Pl. Mem. of Law in Reply and Opp'n to Defs. Mot. to Dismiss Am. Compl., dated Jan. 21, 2011, at 1.)

On May 23, 2011, United States Magistrate Judge Gabriel W. Gorenstein, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that Defendants' motion to dismiss be granted because "the amended complaint . . . draws no connection between [Defendants'] actions and Hardy's [injuries]" and, thus, "this Court lacks subject matter jurisdiction over this case."  (Report at 8.)

The Report instructed the parties that they had "fourteen (14) days . . . from service of this Report and Recommendation to serve and file any objections."  (Report at 8.)  On or about June 6, 2011, Defendant NCIGF filed objections to the Report ("NCIGF's Objections"), agreeing with the recommendation that "the Amended Complaint should be dismissed based on the absence of standing" but also requesting that the Court "dismiss the [Amended] Complaint for . . . additional reasons . . . to illustrate the total absence of its merit."  (NCIGF's Objections, dated June 6, 2011, at 1−2.)

On or about June 8, 2011, Plaintiff filed objections to the Report ("Plaintiff's Objections"), conceding that he "personally lack[s] standing to maintain this action" but also asking the Court "to make it clear that the dismissal of the case is without prejudice to the right of a different plaintiff or plaintiffs to assert the claims contained in the amended complaint and does not affect the merits of the case."  (See Pl. Objections, dated June 1, 2011, at 1.)

**For the reasons stated below, the Report is adopted in its entirety.**

## II.   Standard of Review

The Court may adopt portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law.  See Thomas v. Arn, 474 U.S. 140, 149 (1985).  The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also Donahue v. Global Home Loans & Fin., Inc., No. 05 Civ. 8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where a plaintiff is proceeding pro se, the court construes the plaintiff's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III.   Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.  The Court has conducted a de novo review of, among other things, the Amended Complaint, the Report, NCIGF's Objections, Plaintiff's Objections, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Gorenstein are supported by the law in all respects.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  Neither NCIGF's nor Plaintiff's Objections provides any basis for

departing from the Report's conclusions and recommendations.[1]

Judge Gorenstein properly concluded that Plaintiff's claims should be dismissed because Plaintiff does not demonstrate that he suffered an "injury-in-fact" that was causally connected to "the conduct complained of." (Report at 6); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); see Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.").

Judge Gorenstein also properly concluded that "[b]ecause [D]efendants' motion to dismiss for lack of standing should be granted, it is not necessary to reach [D]efendants' other arguments." (Report at 1.) If the court lacks "jurisdiction[,] the court cannot proceed at all in any cause," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), because a "decision on the merits . . . [is] an exercise of jurisdiction." Perciballi v. New York, No. 09 Civ. 6933, 2010 WL 3958731, at *2 (S.D.N.Y. Sept. 28, 2010); see also Lerner v. Drager, No. 10 Civ. 7928, 2011 WL 2150555 (S.D.N.Y. May 31, 2011).

## IV. Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety and Defendants' motion to dismiss [#29] is granted. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
July 6, 2011

*Richard M. Berman*

**RICHARD M. BERMAN, U.S.D.J.**

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4